IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO M. GUZMAN, | § | |
| #38309-177, | § | |
|     Movant, | § | |
| | § | |
| v. | § | 3:11-CV-2264-K |
| | § | (3:08-CR-229-K(01)) |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are movant Antonio Guzman's *pro se* amended motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, the Government's response, and movant's reply. For the reasons set out below, the § 2255 motion is denied.

### I. BACKGROUND

On July 23, 2008, in a sealed indictment, the Government charged movant and thirteen co-defendants with conspiracy to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 846. On August 20, 2009, movant pled guilty pursuant to a plea agreement. *See United States v. Guzman*, 3:08-CR-229-K (N.D. Tex. Feb. 10, 2010) (docs. 1, 306). On February 10, 2010, after denying movant's request to withdraw his guilty plea, this Court sentenced movant to 235 months imprisonment and a five-year term of supervised release. *Id.*, doc. 414. On direct appeal, movant argued that this Court erred in denying his motion to withdraw

his guilty plea because it was an unknowing and involuntary plea and that his sentence was unreasonable. His conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on December 17, 2010. *See United States v. Guzman*, No. 10-10156 (5th Cir. Dec. 17, 2010).

On August 31, 2011, movant filed his initial § 2255 motion alleging ineffective assistance of counsel and trial error. The government filed its initial response on October 28, 2011. Movant sought, and was granted, permission to file an amended motion to vacate, which he filed on December 20, 2011, alleging in twenty-nine grounds for relief alleging that counsel was ineffective, that his guilty plea was involuntary, and that the court committed trial error. The government filed its response on January 19, 2012, and movant filed a reply brief on March 26, 2012.

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. Furthermore, movant voluntarily pled guilty and waived his right to collaterally attack his conviction, except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel. (*See* doc. 306). Generally, "an informed and voluntary waiver of

2

post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). A defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands his right to appeal and the consequences of waiving that right. *Id*.

A.   **Ineffective Assistance of Counsel**

When movant pled guilty, he waived his right to contest his conviction and sentence either on direct appeal or in a motion to vacate except for: 1) direct appeal claims that the sentence either exceeded the statutory maximum or was due to an arithmetic error; 2) a claim that either his appeal waiver or his guilty plea were not voluntary; or 3) claims of ineffective assistance of counsel. (*See* Plea Agreement at ¶ 12). In his § 2255 motion, Petitioner alleges defense counsel rendered constitutionally ineffective assistance. Specifically, with respect to his guilty plea, he claims counsel: 1) erroneously advised him that he would only be sentenced according to the amount of drugs contained in the stipulated facts (grounds one, three, four, five,); 2) told him he would receive "time served" if he pled guilty (grounds two, seven); 3) never read the indictment, plea agreement, or factual resume to him or explained them to him, and

3

advised him to answer "yes" to all of the court's questions despite him not understanding what was said at his plea hearing (grounds six, seven, eight); and 4) advised him to plead guilty even though the evidence was insufficient to support a charge of conspiracy (ground ten). He further asserts generally that his trial counsel failed to file a motion to suppress, failed to investigate the law regarding enhancements, failed to interview witnesses, failed to argue properly at the sentencing with regard to the enhancements and the motion to withdraw the plea, and failed to object to certain enhancements. (grounds fourteen, fifteen, sixteen, seventeen, eighteen, twenty, twenty-one, twenty-two, twenty-three). Finally, he asserts that appellate counsel was ineffective for failing to raise all of the claims raised in his § 2255 motion on direct appeal. (ground twenty-nine).

    1.    <u>Voluntariness of Guilty Plea</u>

At his rearraignment hearing, movant testified through a Spanish interpreter that he understood "very well" that he was testifying under oath and could be prosecuted for perjury if he made a false statement. (doc. 476 at 2). Movant further testified that he could read and write in Spanish, that he signed his plea agreement, that both it and the factual resume were translated and read to him, that he fully discussed them with his attorney before signing them, and that he understood everything in the agreement and factual resume. *Id*. at 4-5, 11-12, 15-16. Movant also testified that he understood that, even though he had spoken with his attorney about the sentencing guidelines, he should not rely on any statement or assurance by anyone as to what sentence he would receive

because only the judge could make that decision and that he understood that a presentence report would be prepared and that, in preparing this document, the probation officer would not be bound by the factual resume and could consider other facts. *Id*. at 6-8. Movant also testified that, other than the written plea agreement, no-one had made any promises or assurances of any kind in order to get him to plead guilty. *Id*. at 13. Movant testified that the indictment had not been read to him, but he understood what he was being charged with and that he waived the right to have Count 1 of the indictment read out loud to him. Nevertheless, the prosecuting attorney did read the essential elements, and movant stated that he understood the elements of the crime he was pleading guilty to and admitted that he committed each of the elements. *Id.* at 8-11. Movant also testified that he understood that his guilty plea would include a term of imprisonment of no less than ten years up to life imprisonment and that, if his sentence was more than he expected it to be, he would still be bound by his guilty plea. *Id*. at 14-15.

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the

5

giving of the guilty plea.")). To establish ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Cavitt*, 550 F.3d at 441; *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). A court need not address both components of this inquiry if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Courts also presume the regularity of court documents and accord them "great weight." *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant asserts numerous alleged instances of ineffective assistance of counsel

which rendered his plea involuntary, including advising him that he would only be sentenced according to amount of drugs in factual resume, promising him "time served," never reading or explaining the indictment, plea agreement, or factual resume to him, and advising him to plead guilty even though the evidence was insufficient to support his guilty plea to the conspiracy charge. All of these allegations are in direct contradiction to the testimony movant gave at his rearraignment hearing, when he testified that he understood what he had been charged with, that he was guilty of all of the elements of the crime, that the plea agreement and factual resume had been read and explained to him, that he understood that his sentence would be at least ten years in prison, that he understood that only the judge decided his sentence and that he should rely on no other statements regarding a possible sentence, and that the judge would review the PSR before sentencing him, which could contain additional facts not contained in the factual resume. In an attempt to overcome his sworn testimony at the hearing, movant also alleges that his attorney advised him to answer "yes" to all of the court's questions despite him not understanding what was said at his plea hearing. However, the record from the arraignment hearing reflects that movant did not answer "yes" to all questions and, instead, at times answered "no" and in full sentences and even asked questioned when necessary. (doc. 476 at 2-3, 8-11, 13-14, 15-16, 18). Therefore, the record does not support movant's contention that his attorney led him to believe that he would be sentenced to time served, that he did not understood the documents he signed and that he pled guilty even though he was not.

The Fifth Circuit has recognized that a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though this is inconsistent with representations he made in court when entering his plea, if he proves :1) the exact terms of the alleged promise; 2) exactly when, where, and by whom the promise was made; and 3) the precise identity of an eyewitness to the promise. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). If a movant produces independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties, he is entitled to an evidentiary hearing on the issue. *Id*. However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," the Court may dispense with his allegations without an evidentiary hearing. *Id.* Here, the sole independent evidence movant has submitted, after being granted extensions to provide additional evidence, is a sworn statement from his daughter, Diana Guzman. Assuming that his daughter, who was originally indicted as a co-conspirator, is a reliable third party, her sworn statement is insufficient to warrant an evidentiary hearing on this issue, much less entitle movant to relief. Ms. Guzman states in her statement that she cannot recall the date or location where the promise was made, but recalls that "he" promised that movant would receive no more than a ten-year sentence. (Reply, Ex. A). Her statement doe not set forth the parameters of any alleged promise, and it does not state who made the promise, or where and when it was made. Indeed, her statement does not appear to concern any

8

statements made by counsel to movant directly because she references meeting with "him" at his Richardson office, but movant was incarcerated during the entire time he was represented by counsel (*See* Order of Detention, doc. 11). Furthermore, her sworn statement does not support movant's allegation that his attorney promised him time served if he pled guilty or his allegation that his attorney promised him that he would be subject to no enhancements and would instead be sentenced based only the amount of drugs stated in the factual resume. Movant has failed to overcome the presumption of veracity given to his sworn statements in court, and he has therefore failed to establish that his attorney rendered ineffective assistance of counsel with regard to his guilty plea as to render it an involuntary plea.

    2.    <u>Other Ineffective Assistance of Counsel Claims</u>

Movant further contends that his trial attorney was ineffective for failing to file a motion to suppress evidence obtained through search warrants (ground fourteen), for failing to investigate the law regarding enhancements (ground fifteen), for failing to conduct an investigation of the sentencing facts, including interviewing witnesses (ground sixteen, twenty-six), for failing to object to enhancements and the evidence to support the relevant conduct (grounds twenty, twenty-one, twenty-two, twenty-three), and for failing to argue properly at the sentencing with regard to the enhancements and the motion to withdraw the plea (grounds seventeen and eighteen). He also asserts that appellate counsel was ineffective for failing to raise all of the claims raised in his § 2255 motion on direct appeal. (ground twenty-nine).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

With regard to movant's assertion that his attorney was ineffective for failing to file a motion to suppress, he has presented no credible argument or evidence to support his assertion that the government lacked probable cause to obtain search warranted to seized drugs and weapons located in and at two houses belonging to movant. (*See* PSR, ¶ 30). Likewise, as to his claims that counsel was ineffective for failing to conduct a greater investigation into the facts, a movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the

10

proceeding." *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008), *quoting United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). This he has not done.

Movant next contends that his attorney was ineffective at sentencing because he failed to fully research the law and either failed to object to certain evidence being used to enhance his sentence or was ineffective in his argument. Counsel filed written objections to the PSR argued at sentencing that drugs and guns seized on July 29, 2008 should not be used to enhance movant's sentence because he was indicted before that date. Movant cannot establish that, had counsel argued differently, there is a reasonable probability that the outcome would have been different. The drugs seized on July 29th for which movant was held responsible were seized from his two houses and were found either in his houses or in a car parked at the house. (PSR ¶ 32, 34). A defendant with an understanding of the general breadth of a drug enterprise may be held liable for the full amount of drugs even without prof of knowledge of specific quantities. *United States v. Fernandez*, 559 F.3d 303, 323 (5th Cir. 2009). Likewise, the sentencing guideline offense level was increased by two levels because movant possessed numerous firearms at his house which also contained large amounts of drugs . (PSR ¶ 52). Such a guideline adjustment is warranted if a preponderance of the evidence shows a temporal and spatial relationship between the weapon, the drug activity, and the defendant. *United States v. Booker*, 334 F.3d 406, 413 (5th Cir. 2003). Finally, it was increased by four levels because it was determined that he was the leader of a drug trafficking activity which involved five or more participants. (PSR ¶ 54). Counsel candidly withdrew his objection

11

to this because the evidence supported the adjustment. (PSR ¶ 15, 18, 22-25). The sentencing guideline determined in the PSR, and adopted by this court, was supported by the law and evidence, and movant has failed to establish that any different action taken by his attorney at sentencing would have resulted in a lower sentence. To the contrary, as the court explained to movant, the court would have sentenced him to same sentence based on the fact that he was a leader of the drug conspiracy, even were the firearms and most of the additional drugs seized on July 29th not taken into account. (doc. 426 at 18).

Finally, movant asserts that counsel on appeal was ineffective for failing to raise the claims he raises here in his § 2255 motion. These claims are either without merit or could not be raised on direct appeal because movant has waived his right to do so. *See infra*. Accordingly, appellate counsel was not ineffective for failing to raise meritless claims.

In summary, movant's complaints about his counsel's performance fail because they are, in essence, complaints that movant received a longer sentence than he wanted. However, he was advised during his plea hearing that he could not withdraw his plea if his sentence was longer than he hoped. Furthermore, movant pled guilty because the evidence against him was substantial and because, by doing so, he received a three-level downward adjustment in his sentencing guideline for acceptance of responsibility. (doc. 426 at 16-17, PSR ¶56). Had movant not pled guilty, he would have potentially been subject to a much higher sentence, up to and including a sentence of life imprisonment.

The fact that counsel was unsuccessful in arguing for a lesser sentence for movant does not render his performance ineffective. Movant's claims of ineffective assistance of counsel at his plea hearing and at sentencing are without merit and are denied.

**B.    Trial Court Errors**

Movant also contends that the trial court erred by: 1) permitting movant to waive the reading of the factual resume and the indictment at his plea hearing (grounds nine, twelve); 2) accepting his plea despite the evidence being insufficient to support a conspiracy conviction (ground eleven); 3) asking only "yes" and "no" questions during the plea hearing when determining the voluntariness of his plea (ground thirteen); 4) not questioning movant and his attorney during sentencing regarding the misunderstanding regarding what would constitute relevant conduct (ground nineteen); 5) failing to grant the motion to withdraw the guilty plea (ground twenty-seven); 6) imposing an improper sentence and not having a jury determine his punishment (grounds twenty-eight, twenty-nine).

On direct appeal, the Fifth Circuit addressed movant's claim that the court erred in failing to grant the motion to withdraw his guilty plea and ruled that it was not an abuse in discretion. *See Guzman*, No. 10-10156, slip op. at 2. This claim has therefore already been raised and rejected. Furthermore, on direct appeal the Fifth Circuit also held that movant's guilty plea was knowing and voluntary and that, therefore, his claim on appeal that his sentence was unreasonable was barred by his waiver of his appeal rights. *Id*.

13

The magistrate judge properly advised and questioned movant with respect to his guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Movant signed both a plea agreement and factual resume that advised him of the parameters of his agreement after having had these documents read to him and discussed by him, he admitted his guilt to all of the elements of the offense in open court, and he acknowledged in open court the rights he was waiving by pleading guilty. His plea, including the waiver of the right to appeal, was knowing and voluntary. Therefore, the remainder of movant's claims of trial error are barred by his appeal waiver from being raised and considered in a § 2255 motion.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Signed this 19th day of July, 2012.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE